IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. DENNIS HEBERT, *Defendant*. | Case No. CR-22-106-RAW |

## ORDER

The Defendant is charged in this case with aggravated sexual abuse in Indian Country, in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A), 1151, and 1152. Specifically, the Defendant is charged with the aggravated sexual abuse of a then six-year-old boy, K.D., on July 20, 2021.

Now before the court are the Government's notice of intent to admit evidence of other child molestation, specifically a report by a then nine-year old girl, A.D., on November 4, 2018 [Docket No. 24], the Defendant's motion in limine to exclude evidence of the allegations of A.D. [Docket No. 40], and the Government's response in opposition to the Defendant's motion [Docket No. 42]. Also before the court is the Government's first motion in limine [Docket No. 36], in which it requests that the court exclude speculation by an Alabama district attorney regarding why his office did not prosecute the Defendant after A.D., accused him of sexually assaulting her. The Defendant did not respond to this motion.

Under Rule 414, the court is to "'*liberally*' admit evidence of prior uncharged sex offenses" in sexual assault and child molestation cases. *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) (emphasis added). Before the court can admit such evidence, it

must determine that: (1) the defendant is accused of a crime involving sexual assault or child molestation, (2) the evidence proffered is evidence of the defendant's commission of another offense or offenses involving sexual assault or child molestation, and (3) the evidence is relevant." *United States v Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998). In this case, as the Government set forth in its notice, the Defendant is charged with "child molestation" as defined by Fed. R. Evid. 414(d)(2)(A); the evidence proffered – the allegations of nine-year-old A.D. that the Defendant penetrated her vagina and anus with his penis – is evidence of the Defendant's commission of other offenses involving "child molestation"; and the evidence is relevant, as evidence of child molestation is probative of a defendant's propensity to commit such crimes.

Of course, Rule 414 evidence is also subject to the Rule 403 balancing test. "[T]he exclusion of relevant evidence under Rule 403 should be used infrequently, reflecting Congress' legislative judgment that the evidence 'normally' should be admitted." *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998). The *Enjady* court goes on to hold that in the context of sexual assault evidence, Rule 403 requires the court to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely is it such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Id*. The court "must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred." *Id*.

As to the first *Enjady* factor, the court agrees with the Government that the Alabama Uniform Incident/Offense Report attached to the Government's notice includes sufficient

information for a jury to reasonably find by a preponderance of the evidence that the allegations of A.D. occurred.  Docket No. 24-1, 1-7.

In analyzing probativeness under the second *Enjady* factor, the court also considers: "(1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony." *United States v. Benally*, 500 F.3d at 1090-91 (10th Cir. 2007) (citing *Guardia*, 135 F.3d at 1331)).  As to the second *Enjady* factor, the court has considered these five factors and finds that the evidence of the Defendant's molestation of A.D. is highly probative.  The allegations by A.D. are very similar to those of K.D., and less than three years lapsed between the two allegations.  The court has not been informed of any intervening events that would reduce the probative value of the evidence.  While the Government has evidence of the Defendant turning off the camera before he allegedly assaulted K.D. and then turning it back on, the Defendant will no doubt argue that he did not assault K.D. during that time.  There is a need for evidence beyond the Defendant's and K.D.'s testimony.

As to the third *Enjady* factor, the court finds that the material facts are hotly disputed.  As to the fourth *Enjady* factor, the court finds that the Government cannot avail itself of any less prejudicial evidence.  Moreover, the court does not believe this evidence will contribute to an improperly based jury verdict.  The Defendant will have an opportunity to cross-examine A.D. and to introduce evidence of any inconsistent statements.  The evidence will not distract the jury from the central issues of the trial.  Finally, the court anticipates that it will not be time consuming to prove the prior conduct.  Accordingly, the Defendant's motion in limine [Docket No. 40] will be denied.

Also before the court is the Government's motion in limine regarding the speculation by an Alabama assistant district attorney as to why his office did not prosecute the Defendant after A.D.'s allegations.  The ADA did not recall the case but speculated that the case was not prosecuted because (1) A.D.'s grandfather did not believe her, (2) there were inconsistencies with the story, and/or (3) the District Attorney's Office was hesitant to pursue this type of case after several recantations in other cases.

This ADA's speculation about a case he does not remember is not likely relevant, and the court agrees with the Government that whether a case was prosecuted is akin to whether a defendant was acquitted.[*]  The Government's motion in limine [Docket No. 36] will be granted. Of course, the Defendant may introduce evidence of inconsistent statements and/or call character witnesses, but he may not introduce irrelevant evidence, hearsay, or opinion testimony as to the veracity of K.D.'s allegations.

**IT IS SO ORDERED** this 17th day of April, 2023.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[*] While evidence of other acts of child molestation is admissible to show a defendant's motive and intent, the fact that the defendant was acquitted of charges related to those same crimes is inadmissible hearsay.  *United States v. Sutton*, 732 F.2d 1483, 1493.  "[A] judgment of acquittal is hearsay, and there is no exception to the hearsay rule for judgment of acquittal." *Id.* (citations omitted).  Moreover, "judgments of acquittal are not generally relevant, because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt." *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (citation omitted); *see also United States v. Brown*, 730 Fed.Appx. 638, 651 (10th Cir 2018) (unpublished) (citing *Sutton*, 732 F.2d at 1493, and finding that because an acquittal did not demonstrate actual innocence, and only proved that a jury found reasonable doubt as to the conduct charged, it was not admissible).